UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YIMMY ANDERSON MARTINEZ ARGUETA,

        Petitioner,

        v.

LUIS SOTO, *et al.*,

        Respondents.

Case No. 26–cv–03140–ESK

OPINION AND ORDER

**THIS MATTER** is before the Court on petitioner Yimmy Anderson Martinez Argueta's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition)   (ECF No. 1) and this Court's March 25, 2026 order (ECF No. 4.)   Respondents oppose the Petition.   (ECF No. 6.)

1.    Petitioner is a citizen of El Salvador.   (ECF No. 1 ¶ 1.)   He entered the United States in 2017.   (*Id.*)

2.    On March 20, 2026, petitioner was arrested by the East Rutherford Police Department in New Jersey for receiving stolen property in violation of N.J.S.A. § 2C:20–7(a), and conspiracy to commit theft by unlawful taking or disposition in violation of N.J.S.A. §§ 2C:5–2(a)(1), 20–3(a).   (ECF No. 6–2 p. 3.) He was charged via complaint on March 21, 2026.   (ECF No. 6–3 p. 7.)   He was released on non-monetary conditions on March 21, 2026.   (*Id.* p. 22.)

3.    Immigration and Customs Enforcement (ICE) took petitioner into custody upon his release from the Bergen County Jail.   (ECF No. 6 p. 2.)   ICE issued a Notice to Appear charging petitioner with being a noncitizen who was present in the United States without being admitted or paroled.   (ECF No. 6–4 p. 2.)   Petitioner was detained in Delaney Hall Detention Facility.   (ECF No. 1 ¶ 2.)   He has not received a bond hearing.   (*Id.* ¶ 3.)

4.    Petitioner filed the Petition on March 24, 2026 challenging his detention pursuant to 8 U.S.C. § 1226(a).   (*Id.* ¶¶ 51, 55.)   Respondents filed an answer on March 30, 2026 stating that petitioner was being detained pursuant to 8 U.S.C. §§ 1225(b)(2) and 1226(c).   (ECF No. 6 p. 2.)

5.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6. Pursuant to § 1226(c), immigration officials must detain noncitizens who are inadmissible and are charged with, or arrested for, "acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

7. The Notice to Appear asserts petitioner is inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(i)(I). (ECF No. 6–4 p.2.) He has been charged with theft offenses. (ECF No. 6–3 p.7.) Therefore, the plain terms of the statute require petitioner's detention.[1]

8. Petitioner is not currently entitled to a bond hearing, but he may be entitled to one should his detention become prolonged. Noncitizens "detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. The longer they are detained without bond hearings, the more likely their detention abridges the liberty secured by the Due Process Clause." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026) (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209 (3d Cir. 2020)).

9. Petitioner has only been detained since March 21, 2026, and there are no facts in the Petition that suggest his due process rights are being violated.

Accordingly,

**IT IS** on this **7th** day of **April 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DENIED**.

2. The motion for a temporary restraining order at ECF No. 2 is **DISMISSED**.

3. Any restrictions imposed on petitioner's location are **LIFTED**.

---

[1] I decline to address respondents' § 1225(b)(2) argument as § 1226(c) justifies petitioner's detention at this time.

4.    The Clerk shall **CLOSE** this case.

_/s/ Edward S. Kiel_

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**